IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MIKE S. SCOTT | : |
| Petitioner | : |
| v. | : Civil Action No. AW-09-1725 |
| BOBBY SHEARIN and THE ATTORNEY GENERAL OF MARYLAND | : |
| | : |
| Respondents | : |

o0o

**MEMORANDUM**

The above-captioned Petition for Writ of Habeas Corpus was filed on June 30, 2009. Petitioner seeks relief under 28 U.S.C. § 2241 regarding his allegation that prison authorities are wrongfully denying him the benefit of diminution of confinement credits. Paper No. 1. Upon review of the allegations raised and for the reasons set forth below, the Petition must be dismissed.

Petitioner claims Respondents have improperly "applied the language 'term of confinement'[1] to deny" him a total of 465 days of good conduct credit. Paper No. 1 at p. 6. He further alleges he has been denied special project credits based on the nature of his offense, even though his offense is not included in the regulatory provision prohibiting award of special project credits for certain drug offenses. *Id.* Lastly, Petitioner claims it is improper for Respondents to deny the award of special project credits for double celling simply because he was assigned to a single cell. *Id.* He argues he is eligible because the regulation only requires that the institution

---

[1] "Term of confinement" is a phrase found in Maryland's Annotated Code governing the award of diminution of confinement credits to persons incarcerated in the Maryland Division of Correction. *See* Md. Corr. Ser., Code Ann. § 3-701.

where the inmate is confined double-cells inmates. *Id*.

To be entitled to federal habeas corpus relief under 28 U.S.C. § 2241, Petitioner must raise a federal constitutional claim regarding the execution of his sentence.[2] *See Estelle v. McGuire*, 503 U.S. 62, 67- 68 (1991). Sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *See McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). A dispute over diminution credits does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998).

The claims raised by Petitioner concern a dispute over diminution of confinement credits and do not rise to a constitutional level. Accordingly, by separate Order which follows, the Petition will be dismissed.

Date: July 14, 2009

                                        /s/
                             Alexander Williams, Jr.
                             United States District Judge

---

[2] Habeas Corpus relief under 28 U.S.C. § 2254 concerns challenges to the validity of one's conviction.